UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

MIDLAND DIVISION

CASE NO. 7:18-cv-169

ARMANDO SILVA,

        Plaintiff,

vs.

SLR, LLC,

        Defendant.

_____/

## COMPLAINT
*[Jury Trial Demanded]*

Plaintiff, ARMANDO SILVA, for his Complaint against Defendant, SLR, LLC, states and alleges the following:

### SUMMARY

1. SLR, LLC, (hereinafter "Defendant" or "SLR") required and/or permitted ARMANDO SILVA (hereinafter "Plaintiff") to work, but he was terminated before receiving his last paycheck, and Defendant has refused to compensate Plaintiff his proper compensation for his last week of employment.

2. Defendant's conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate employees minimum wage for all hours worked. See, 29 U.S.C. § 206(a).

3. Plaintiff is an FLSA non-exempt worker who has been denied pay required by law, for which he now seeks recovery.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 201, Et. Seq., 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

5. Venue is proper in this judicial district because Defendant engages in business here and a substantial part of the events giving rise to Plaintiff's claims occurred here.

## THE PARTIES

6. Defendant SLR is a domestic limited liability corporation with its principle place of business in Orange, Texas.

7. Plaintiff ARMANDO SILVA is a resident of Houston, Texas.

## COVERAGE

8. Defendant is an enterprise that engages in commerce or in the production of goods for commerce.

9. Defendant acted, either directly or indirectly, in the interest of an employer with respect to Plaintiff.

10. Accordingly, Defendant is both a covered "enterprise" and an "employer" under the FLSA.

11. Defendant has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

12. In furtherance of Defendant's business, Defendant's employees handled, sold or otherwise utilized goods and materials and handled equipment that had been moved in or produced for such commerce.

13. At all times material hereto, in furtherance of Defendant's operations, Plaintiff individually engaged in interstate commerce by regularly and routinely utilizing instrumentalities

of interstate commerce, thus affording him the protections of the FLSA.

### FACTUAL ALLEGATIONS

14. Defendant engaged in the business of providing water transfer services to its clients in the oil and gas industry.

15. Plaintiff began working for Defendant on or about December 4, 2017 as a field hand and continued employment with Defendant until on or about August 17, 2018.

16. Plaintiff approximates that he worked approximately 45 to 55 hours per week for Defendant.

17. Defendant hired Plaintiff on an hourly basis, receiving $14.50 per hour for all hours worked for all hours worked, regardless of the fact that Plaintiff routinely worked in excess of 40 hours per week.

18. Defendant refused to compensate Plaintiff his "and a half portion" of his time and a half overtime premium; plus, Defendant refused to compensate Plaintiff for his last week of work.

19. Plaintiff worked 26.67 hours his last week of work from August 13, 2018 through August 19, 2018 without any compensation from Defendant.

20. Plaintiff estimates that he is owed over $386.72 in unpaid minimum wages, breach of contract damages, and unjust enrichment damages for his last week of employment alone.

21. In addition to Plaintiff's unpaid minimum wages, breach of contract damages, and unjust enrichment damages, Plaintiff estimates that he is owed an additional $2,610.00 in unpaid overtime premiums.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## (<u>OVERTIME</u>)

22. Plaintiff incorporates all allegations contained in the preceding paragraphs.

23. At all relevant times Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

24. Defendant's failure to pay any overtime compensation to Plaintiff violates the FLSA.

25. Plaintiff is not exempt from the right to receive the appropriate overtime pay under the FLSA.

26. As a result of Defendant's failure to compensate its employees, including Plaintiff(s), Defendant has violated—and continues to violate—the FLSA, 29 U.S.C. §§ 207(a)(1).

27. Accordingly, Plaintiff is entitled to complete compensation for hours worked.

28. Additionally, Plaintiff is entitled to an amount equal to unpaid overtime wages, liquidated damages, as well as reasonable attorney's fees and costs of this action as provided by 29 U.S.C. § 216(b).

29. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages described pursuant to 29 U.S.C. § 216(b).

30. Alternatively, should the Court find Defendant acted in good faith and that it had reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

31.     Plaintiff is entitled to have the limitations period extended to three years because Defendant's actions were willful.  29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendant plus costs, reasonable attorney's fees, and such other remedies as the court deems just and appropriate

## COUNT II
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## (MINIMUM WAGE)

32.     Plaintiff incorporates all allegations contained in paragraphs 1-20.

33.     At all relevant times Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

34.     Defendant's failure to pay compensation to Plaintiff violates the FLSA.

35.     Plaintiff is not exempt from the right to receive the appropriate minimum wage or overtime pay under the FLSA.

36.     As a result of Defendant's failure to compensate its employees, including Plaintiff, Defendant has violated—and continues to violate—the FLSA, 29 U.S.C. §§ 206(a)(1)(C).

37.     Accordingly, Plaintiff is entitled to complete compensation for hours worked.

38.     Additionally, Plaintiff is entitled to an amount equal to unpaid wages, liquidated damages, as well as reasonable attorney's fees and costs of this action as provided by 29 U.S.C. § 216(b).

39.     Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described pursuant to 29 U.S.C. § 216(b).

40.     Alternatively, should the Court find Defendant acted in good faith and that it had reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

41.     Plaintiff is entitled to have the limitations period extended to three years because Defendant's actions were willful.  29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendant plus costs, reasonable attorney's fees, and such other remedies as the court deems just and appropriate.

## COUNT III
## BREACH OF CONTRACT

42.     Plaintiff reavers and realleges paragraphs 1-20 above.

43.     Defendant entered into a contract to pay Plaintiff's wages for services performed.

44.     Plaintiff has been damaged as a result of Defendant's failure to pay the agreed upon wages.

WHEREFORE, Plaintiff demands judgment against Defendant for unpaid wages, interest, attorney's fees and costs pursuant to Texas Civil Practices and Remedies Code §38.001 and such other remedies as the court deems just and appropriate.

## COUNT IV
## UNJUST ENRICHMENT

45.     Plaintiff reavers and realleges paragraphs 1-20 above.

46.     Plaintiff conferred a benefit on Defendant when Plaintiff completed the job for the benefit of Defendant.

47.     Defendant had knowledge of the benefit Plaintiff conferred upon it, accepted the benefit conferred by Plaintiff and has failed to pay Plaintiff.

6

48.     The circumstances are such that it would be inequitable for the Defendant to retain the benefit without paying the Plaintiff the compensation owed.

WHEREFORE, Plaintiff demands judgment against Defendant for actual damages and costs in addition to attorney's fees and costs pursuant to Texas Civil Practices and Remedies Code §38.001.

## PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

a.  Appropriate overtime and minimum wage compensation for all unpaid hours worked;

b.  an equal amount as liquidated damages as allowed under the FLSA;

c.  damages accrued up to three years;

d.  reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA and Texas Civil Practices and Remedies Code §38.001;

e.  pre-judgment and post judgment interest at the highest rates allowed by law; and

f.  such other relief as to which Plaintiff may be entitled.


[THIS SPACE INTENTIONALLY LEFT BLANK]

Respectfully submitted,

**GOLDBERG & LOREN, PA**
By: */s/ James M. Loren, Esq.*
**James M. Loren**
**Attorney-in-charge**
FL Bar No.: 55409
George Z. Goldberg
FL Bar No.: 31186
Rachael Rustmann
Tex. Bar No.: 24073653
3102 Maple Ave, Suite 500
Dallas, Texas 75201
Main Phone:    800-719-1617
Facsimile:       (954) 585-4886
jloren@goldbergloren.com
ggoldberg@goldbergdohan.com
rrustmann@goldbergloren.com
*Attorneys for Plaintiffs*